UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NICHOLAS B., | ) |
| Plaintiff, | ) |
| v. | ) C.A. No. 1:22-CV-00034-MSM-LDA |
| KILOLO KIJAKAZI, Acting Commissioner, Social Security Administration, | ) |
| Defendant. | ) |

## O R D E R

Mary S. McElroy, United States District Judge.

This matter comes before the Court on the plaintiff, Nicholas B.'s, Motion to Reverse (ECF No. 12) and the defendant, Kilolo Kijakazi, Acting Commissioner, Social Security Administration's, Motion to Affirm (ECF No. 15) the denial by an Administrative Law Judge ("ALJ") of Social Security Insurance ("SSI") and Child Disability Benefits ("CDB") under 42 U.S.C. §405(g) of the Social Security Act. The plaintiff has objected to the Report and Recommendation ("R&R") of Magistrate Judge Lincoln D. Almond (ECF No. 18) which recommends that the Court deny the plaintiff's Motion to Reverse and grant the defendant's Motion to Affirm.

The plaintiff alleged disability due to autism, anxiety, depression, and ADHD. The ALJ denied disability benefits on April 29, 2021. The Appeals Council ("AC") denied the plaintiff's request for review on November 22, 2021, rendering the ALJ's decision final. The plaintiff timely appealed to this Court.

1

The ALJ found, after reaching Step 5 of the mandated 5-step evaluation that the plaintiff could perform certain unskilled jobs available in the economy, thus disqualifying him from benefits.

Pursuant to the Federal Rules of Civil Procedure, "the district judge must determine de novo any part of the magistrate judge's disposition that have been properly objected to." Fed R. Civ. P. 72(b)(3). In reviewing the record, however, "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive …." 42 U.S.C. § 405(g). Finally, "[q]uestions of law are reviewed de novo …." *Seavey v. Barnhart*, 276 F.3d 1, 9 (1st Cir. 2001) (citing *Ward v. Comm'r Soc. Sec.*, 211 F.3d 652, 655 (1st Cir. 2000)).

The Magistrate Judge determined that the AC erred when it concluded that an opinion of treating provider Dr. Carol O'Shea, dated May 21, 2021, which postdated the ALJ's decision, did not relate to the period at issue. Nevertheless, the Magistrate Judge determined that this error was harmless. The Court agrees that there is no meaningful difference between the May 2021 opinion and the two prior, more extensive opinions of Dr. Carol, that the ALJ did consider and accounted for. "[R]emand is not essential if it will amount to no more than an empty exercise." *Ward v. Comm'r of Soc. Sec.*, 211 F.3d 652, 656 (1st Cir. 2000).

The plaintiff also argues that the ALJ erred by finding that Dr. O'Shea's, March 2021 opinion to be unpersuasive. But that finding was supported by substantial evidence in the record; namely, the inconsistency of Dr. O'Shea's opinion with other evidence regarding the plaintiff's range of activities. This Court therefore

agrees with the Magistrate Judge that the plaintiff "inappropriately invites this Court to reweigh the medical evidence and to effectively substitute its judgment for that of the ALJ." (ECF No. 18 at 13.)

Finally, the plaintiff argues that the ALJ oversimplified vocational assessments from the Office of Rehabilitative Services. But the Court agrees with the Magistrate Judge that the ALJ did not mischaracterize these assessments and, because the ALJ's residual functional capacity assessment was based also on the state agency psychologists and the opinion of the consultative examiner, the evidence substantially supported the ALJ's decision.

This Court's review of the case is independent and, after having carefully considered the relevant papers, this Court reaches the same conclusion as did Magistrate Judge Almond. The Court therefore ACCEPTS the R&R (ECF No. 18), adopting both the recommendation and reasoning set forth therein. Accordingly, the Motion to Reverse (ECF No. 12) is DENIED and the Motion to Affirm (ECF No. 15) is GRANTED.

IT IS SO ORDERED.

_____
Mary S. McElroy
United States District Judge

April 28, 2023

3